OPINION
{¶ 1} On May 27, 2005, the Stark County Grand Jury indicted appellant, Matthew Huber, on one count of improperly discharging a firearm at or into a habitation with firearm specification in violation of R.C. 2923.161 and R.C. 2941.145. Said charge arose from an incident wherein gunshots were fired into the home of Yvette Johnson on October 31, 2004. Ms. Johnson was the neighbor of Robin Wells who was the mother of appellant's girlfriend, Erica Griffith.
 {¶ 2} A jury trial commenced on July 8, 2005. The jury found appellant guilty as charged. By judgment entry filed July 19, 2005, the trial court sentenced appellant to an aggregate term of ten years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "APPELLANT'S CONVICTION FOR IMPROPERLY DISCHARGING A FIREARM AT OR INTO A HABITATION WITH A FIREARM SPECIFICATION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 II {¶ 5} "THE TRIAL COURT ERRED BY INSTRUCTING THE JURY THAT THEY COULD CONSIDER FLIGHT FROM JUSTICE IN DETERMINING THE GUILT OF APPELLANT."
 I {¶ 6} Appellant claims his conviction was against the manifest weight and sufficiency of the evidence. Specifically, appellant claims there was no direct evidence linking him to the gunshots, the firearm or the gun box, and no evidence of flight. We disagree.
 {¶ 7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, followingJackson v. Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
 {¶ 8} Appellant was convicted of improperly discharging a firearm into a habitation in violation of R.C. 2923.161(A)(1) which states, "No person, without privilege to do so, shall knowingly do any of the following: (1) Discharge a firearm at or into an occupied structure that is a permanent or temporary habitation of any individual." Appellant was also charged with a firearm specification in violation of R.C. 2941.145.
 {¶ 9} Appellant correctly points out there was not an identification of him as the shooter. However, there was circumstantial evidence of appellant's presence at the scene during the time of the incident. Robin Wells, the victim's neighbor and the maternal grandmother of appellant's child, testified she observed a vehicle driving slowly by her home just prior to hearing the gunshots. T. at 175, 176. Ms. Wells identified the vehicle as the one she purchased for appellant. T. at 177. A gun box and ammunition similar to the slugs removed from the shooting were found at appellant's "sometime" residence in the room where he stayed at the Travis King home. T. at 113-114, 121-122, 166-168, 208-209, 211-212. On two previous occasions, appellant had mistaken the victim's residence for Ms. Wells's residence. T. at 148.
 {¶ 10} There was direct evidence that appellant admitted to two individuals his involvement in the shooting incident. He apologized to Ms. Wells for "what he's done" and stated "if he had wanted to hurt somebody, he could have done it." T. at 181-182. Erica Griffith, Ms. Wells's daughter and the mother of his child, testified appellant stated he was mad the night of the shooting and the shooting "never would have happened if he wasn't mad and I know how he was when he was mad." T. at 239, 242-243. He also told Ms. Griffith "if he had wanted to kill me, he would have done it, he wouldn't have missed." T. at 239.
 {¶ 11} We find the circumstantial evidence of appellant's vehicle identification, coupled with his own admissions as to the "situation," constitute sufficient probative evidence for the jury to find appellant guilty.
 {¶ 12} Appellant also argues there was insufficient evidence to link him to the firearm. The firearm, which was determined to be operable, was consistent with the caliber and make used in the shooting, as were the examined slugs and ammunition seized from appellant's room. T. at 206, 208-209, 211-212. The firearm was found at another possible residence of appellant's. T. at 117-120. Clearly, the shots were fired from an operable weapon. This was substantiated by the retrieval of the slugs from the victim's residence. T. at 109-110.
 {¶ 13} In State v. Gaines (1989), 46 Ohio St.3d 65, 69, the Supreme Court of Ohio held the following:
 {¶ 14} "Admission into evidence of the firearm allegedly employed in the crime is not necessary to establish the specification. Rather, the fact may be established by circumstantial evidence (testimony as to gunshots, smell of gunpowder, bullets or bullet holes, etc.). Nevertheless, there must be some evidence relative to the gun's operability."
 {¶ 15} In State v. Murphy (1990), 49 Ohio St.3d 206, 209, the Supreme Court of Ohio reaffirmed the Gaines decision, but modified it to permit the testimony of lay witnesses on the issue of operability:
 {¶ 16} "While we hold that operability must still be established, we agree with the holding that proof of the existence of a firearm may be based on lay testimony, and is not dependent on an empirical analysis of the gun. To require the state to produce the actual firearm or empirical evidence would frustrate the intent of the General Assembly."
 {¶ 17} If the jury believed appellant to be the shooter, there is no doubt an operable firearm was used.
 {¶ 18} Lastly, appellant argues there was no clear evidence of flight. There were two incidents of flight. First, during the investigation of the shooting, appellant's vehicle and someone matching his description immediately left the King home upon seeing the Sheriff's deputies. T. at 115-116, 139. Second, witnesses testified that appellant called them from locations outside of the state of Ohio. T. at 156-157, 184-185, 240.
 {¶ 19} Upon review, we find sufficient probative evidence to substantiate the jury's verdict.
 {¶ 20} Assignment of Error I is denied.
 II {¶ 21} Appellant claims the trial court erred in instructing the jury on the issue of flight from justice. We disagree.
 {¶ 22} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Martens (1993),90 Ohio App.3d 338. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Jury instructions must be reviewed as a whole. State v. Coleman
(1988), 37 Ohio St.3d 286.
 {¶ 23} The complained of instruction was as follows:
 {¶ 24} "In this case there has been testimony that the Defendant may have fled from justice. You may not presume the Defendant guilty from this evidence. You may, however, infer a consciousness of guilt regarding the evidence of the Defendant's alleged flight.
 {¶ 25} "An accused's flight and related conduct may be considered as evidence of consciousness of guilt and thus of guilt itself." T. at 284.
 {¶ 26} Defense counsel objected to the charge. T. at 295. Appellant concedes a flight charge may be given when the facts warrant the charge however, appellant argues the facts sub dice did not warrant the flight instruction.
 {¶ 27} As noted in Assignment of Error I, there were two possible incidents of flight. The first incident occurred when the deputies were investigating one of appellant's known residences and his vehicle and an individual matching his description drove away upon seeing the deputies. It is undisputed appellant could not be found at either of his known addresses. In addition, both Ms. Wells and Ms. Griffith testified appellant called them from out of state. When appellant called, his conversations indicated his awareness of the Sheriff investigating the shooting. T. at 181-182, 242-243.
 {¶ 28} Upon review, we fail to find any error in the giving of the complained of jury instructions.
 {¶ 29} Assignment of Error II is denied.
 {¶ 30} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.